UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | 11/20/09 | Docket #: | 09-21250 |
| Debtor: | Stephen D. Porter | Co-Debtor: | Louise G. Porter |
| SS#: | xxx-xx-5782 | SS#: | xxx-xx-7900 |
| Address: | 4042 Route 6A<br>Cummaquid, MA 02637 | Address: | 4042 Route 6A<br>Cummaquid, MA 02637 |

| | |
|---|---|
| Debtor's Counsel: | Peter M. Daigle 640517 |
| Address: | 1550 Falmouth Road<br>Suite 10<br>Centerville, MA 02632 |
| Telephone #: | (508) 771-7444 |
| Facsimile #: | (508) 771-8286 |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THE LATER OF (i) THIRTY (30) DAYS AFTER THE FIRST DATE SET FOR THE SECTION 341 MEETING, OR (ii) THIRTY (30) DAYS AFTER SERVICE OF A MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# OFFICIAL FORM 3
# PRE-CONFIRMATION CHAPTER 13 PLAN

## CHAPTER 13 PLAN - AMENDED

Docket No.: **09-21250**

DEBTORS:  (H)  **Stephen D. Porter**          SS#  **xxx-xx-5782**

             (W)  **Louise G. Porter**           SS#  **xxx-xx-7900**

## I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **500.00** for the term of:

■ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

_____

☐ ____ Months.  The Debtor states as reasons therefore:

_____

## II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |
| Total of secured claims to be paid through the Plan | $ | 0.00 |

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Bank Of America** | **Mortgage** |
| **Chrysler** | **Automobile Loan** |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **Bank Of America** | **Lien is to be stripped in its entirety pursuant to 11 USC 1325** | 0.00 |

D. Leases:

    i.  The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-**

    ; or

  ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-**

  iii. The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| IRS | 2008 | $ 400.00 |
| | Total of Priority Claims to Be Paid Through the Plan | $ 400.00 |

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):     $ **1,000.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **11.6509** % of their claims.

A. General unsecured claims:     $ **36,295.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Bank Of America | Second Mortgage | $ 90,734.00 |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

Total of Unsecured Claims (A + B + C):     $ **127,029.00**

D. Multiply total by percentage: $ **14,800.00**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| -NONE- | | $ |

    Total amount of separately classified claims payable at ____ %      $ **0.00**

## VI. OTHER PROVISIONS

A. Liquidation of assets to be used to fund plan:

B. Miscellaneous provisions:
RE: Modification of secured loan held by Bank of America in the amount of $90,734.00 for the second mortgage on property at 4042 Main Street, Barnstable, Massachusetts 02637.

Loan is to be stripped in its entirety pursuant to 11 USC 1325. The value of the property ($204,000.00 by an appraisal) is exceeded by the first mortgage on the property, held by Bank of America in the amount of $218,999.00.

RE: Modification of secured loan held by Bank of America in the amount of $218,999.00 for the first mortgage on property at 4042 Main Street, Barnstable, Massachusetts 02637.

Loan modification is pending and the debtors anticipate that the arrearage for the mortgage will be included in said loan modification.

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---:|
| a) Secured claims (Section II-A&D Total): | $ | 0.00 |
| b) Priority claims (Section III-A&B Total): | $ | 400.00 |
| c) Administrative claims (Section IV-A&B Total): | $ | 1,000.00 |
| d) Regular unsecured claims (Section V-D Total): | $ | 14,800.00 |
| e) Separately classified unsecured claims: | $ | 0.00 |
| f) Total of a + b + c + d + e above: | =$ | 16,200.00 |
| g) Divide (f) by .90 for total including Trustee's fee: Cost of Plan= | $ | 18,000.00 |

(This represents the total amount to be paid into the chapter 13 plan)

h. Divide (g), Cost of Plan, by Term of plan,                         36 months
i. Round up to nearest dollar for Monthly Plan Payment:    $         500.00

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.
Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---:|---:|
| 4042 Main Street, Barnstable, MA 02637 | $ 204,000.00 | $ 309,733.00 |
| Lake View Plantation, Piscataquis County, Maine 1.6 Acres | $ 9,000.00 | $ 0.00 |

Total Net Equity for Real Property:    $    9,000.00
Less Exemptions (Schedule C):           $    3,490.00
Available Chapter 7:                    $    5,510.00

B. Automobile (Describe year, make and model):

| | | | | | |
|---|---|---|---|---|---|
| 2006 Jeep Commander | Value $ | 20,050.00 | Lien $ | 17,664.00 Exemption $ | 2,386.00 |
| 2001 Chrysler PT Cruiser | Value $ | 1,800.00 | Lien $ | 0.00 Exemption $ | 1,800.00 |

Total Net Equity:            $ 4,186.00
Less Total Exemptions (Schedule C):   $ 4,186.00
Available Chapter 7:         $ 0.00

C. All other Assets (All remaining items on Schedule B):   (Itemize as necessary)
Bank of America Checking Account No.: 00941669181
TD Bank Savings Account No.: 00008723387052
TD Bank Checking Account No.: 19-1296801
Miscellaneous
Miscellaneous
American General Life Insurance - Term Policy
Raytheon Company Pension Plan
Ottaway Newspapers, Inc. Retirement Plan
1959 40 ft Cubavich "Amazing Grace" - Owns with his friend

Total Net Value:             $ 18,420.00
Less Total Exemptions (Schedule C):   $ 10,920.00
Available Chapter 7:         $ 7,500.00

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:   $       13,010.00

E. Additional Comments regarding Liquidation Analysis:


IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Peter M. Daigle                                March 5, 2010
Peter M. Daigle 640517                             Date
Debtor's Attorney
Attorney's Address:   1550 Falmouth Road
                      Suite 10
                      Centerville, MA 02632
           Tel. #:        (508) 771-7444 Fax:(508) 771-8286
           Email Address:   pmdaigleesq@yahoo.com

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.


Date  March 5, 2010                  Signature  /s/ Stephen D. Porter
                                                Stephen D. Porter
                                                Debtor


Date  March 5, 2010                  Signature  /s/ Louise G. Porter
                                                Louise G. Porter
                                                Joint Debtor